UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

L.C., by her Guardian             :
AUDRA M. DINUZZO,            :
                                                 :
                   Plaintiff,     :      Civil Action No. 1:18-cv-684
    v.                              :                       (MAD/CFH)
                                               :
THE DEVEREUX FOUNDATION, d/b/a   :
DEVEREUX ADVANCED BEHAVIORAL   :
HEALTH, ANNETTE STRAMEL, Individually   :      COMPLAINT
and in her official capacity as Aid to L.C.   :
John/Jane Doe #1, and John/Jane Doe #2,     :      JURY TRIAL
                                             :      DEMANDED
                    Defendants,     :
                                             :

## INTRODUCTION

This case arises out of physical abuse perpetrated upon, and inadequate treatment provided to, plaintiff L.C., who, as an intellectually and developmentally disabled person, is amongst the most vulnerable and defenseless in our society. This action is brought against the defendants, who undertook the responsibility to provide proper and dignified care for plaintiff, and to redress the deprivation by defendants of rights secured to the plaintiff by the United States Constitution and the laws of the United States of America and the State of New York.

On June 13, 2017, Defendant Annette Stramel ("Stramel"), an employee of defendant The Devereux Foundation, d/b/a Devereux Advanced Behavioral Health ("Devereux"), physically abused and used unnecessary excessive force on plaintiff. This abuse resulted in physical injuries and permanent psychological injuries to plaintiff.

Prior to June 13, 2017, plaintiff suffered a series of unexplained bruises and injuries at Devereux's Red Hook, NY facility ("Devereux Red Hook") and was subjected to inhumane and abusive treatment such as cold baths and showers, and having her freedom restricted by the improper use of a gaitbelt as a leash rather than a means of balance control.

## JURISDICTION

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1332, 1343(a) because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983, and due to the diversity of the parties.

2. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims occurred in this judicial district.

## PARTIES

4. Plaintiff L.C. is a United States citizen and currently resides at 11 Garnet Lane, Scotia, NY 12303, located within the Northern District of New York. She was born in Glens Falls, NY and suffers from various serious developmental and intellectual disorders. She was placed at Devereux Red Hook, 40 Devereux Way, Red Hook, NY 12571, by the Queensbury, NY School District in September 2008, and resided there continuously until July 27, 2017. That facility is located within the Northern District of

2

New York. Plaintiff was placed at Devereux Red Hook pursuant to New York State laws, including Article 89, Chp. 853 of the laws of 1976 of the NYS Education Law, funded, at least in part, through by the United States Government through the Social Security Administration's Supplemental Security Income program ("SSI").

5.  Audra M. Dinuzzo is LC's natural mother and was awarded Temporary Limited Letters for the purpose of bringing this action from Schenectady County Surrogate's Court, pending her application for Guardianship of L.C.

6.  Defendant The Devereux Foundation d/b/a Devereux Advanced Behavioral Health is a foreign not-for-profit corporation organized and existing under the laws of the state of Pennsylvania, with its main offices located at 444 Devereux Drive, Villanova, PA 19805. Devereux maintains residential facilities in 12 states including the location where the underlying events took pace at Devereux Red Hook.

7.  Defendant Annette Stramel was at all relevant times employed by Devereux at Devereux Red Hook, and was assigned to provide direct care to residents, including plaintiff, who were suffering from developmental disabilities. Claims in this action are asserted against Stramel in both her individual and official capacities.

8.  Defendants John or Jane Doe #1 and #2 were Devereux employees charged with the responsibility of implementing policies, and supervising and training individuals employed at Devereux Red Hook, including Stramel who provided direct care to residents. They are sued under fictitious designations because plaintiff has not been able to ascertain their names, notwithstanding reasonable efforts to do so.

9.  Devereux, Stramel, CEO, John/Jane Doe #1, and John/Jane Doe #2 were mandated reporters of abuse.

3

## FACTS

10. On June 13, 2017, plaintiff was a resident at the Devereux Red Hook, and resided there since September 2008.

11. Devereux Red Hook accepted plaintiff in 2008 as a resident through a placement from a New York State School District and provided residential foster care and educational services, and accepted public money to fund her residency, treatment and education.

12. Article 89, Chapter 853 of the laws of 1976 of the NYS Ed. Law, provides that students with disabilities may be educated in approved private schools, including those operated by Devereux, at public expense if it has been determined that school districts do not have appropriate programs to meet the needs of these students.

13. Plaintiff was placed at Devereux pursuant to Article 89.

14. From her admission in 2008 until she left the facility on July 27, 2017, plaintiff suffered from significant intellectual and developmental disabilities and disorders, including autism, Attention Deficit Hyperactivity Disorder, Pervasive Developmental Disorder, mental retardation, Lennox-Gastaut Syndrome (epilepsy), Intermittent Explosive Disorder and seizure disorder.

15. On June 13, 2017 defendant Stramel was plaintiff's "one-on-one" aide at Devereux Red Hook, tasked with providing direct care to plaintiff.

16. On the morning of June 13, 2017 at about 7:45 am, defendant Stramel physically abused and used excessive force against plaintiff. Specifically, Stramel pulled L.C. her by the hair dragging her out of bed, kicked her in the face and head, and struck her in the leg. She then stated to plaintiff, "how do you like that?".

4

17. Stramel's actions caused physical injuries to plaintiff, including a bloody lip, soreness and redness to her face, and bruising to the leg, severe emotional injury, as well as permanent psychological damage.

18. As a result of defendant Stramel's abusive acts, Plaintiff, who had a well-known and significant history of harming herself, bit and scratched her hands due to the anxiety and fear that resulted from Stramel's conduct.

19. Plaintiff's face became red and swollen, her lip became severely swollen, there was blood on her teeth, and her leg was bruised, all as a result of Stramel's actions, and her hands were injured and scratched.

20. Thereafter, Stramel attempted to cover-up her abusive acts by cleaning plaintiff's face and when Stramel brought plaintiff to the nurse, reported that all of plaintiff's wounds were self-inflicted.

21. However, once away from Stramel in her classroom, plaintiff reported that Stramel had inflicted upon her obvious physical wounds.

22. Plaintiff was brought back to the nurse and again reported to the nurse that Stramel had mistreated and threatened her.

23. Plaintiff's mother Audra M. Dinuzzo was telephoned, was told that plaintiff was "OK" and that It was not necessary for her to drive to the facility.

24. Audra M. Dinuzzo was informed that Devereux Red Hook personnel had not reported the incident to any of the authorities, claiming they did not want to traumatize her further, and did not intend to do so immediately, even though they were required to do so under New York State law.

25. Audra M. Dinuzzo demanded that investigatory authorities be contacted right away, and following that telephone call, the New York State Police and the New York State Center of Justice were called in that day to investigate.

26. Subsequently, on August 30, 2017, the NYS Justice Center released its findings in the investigation of the assault on plaintiff that is the subject of this action. The Justice Center substantiated the allegations that Stramel abused plaintiff by striking her in the leg, kicking her in the face, and pulling her hair, and causing swelling, bleeding and bruising.

27. Prior to leaving Devereux Red Hook on July 27, 2017, plaintiff was subject to a pattern of neglect and mistreatment by Devereux and its staff including Stramel.

28. Prior to her July 27, 2017 discharge, plaintiff often had unexplained bruises on various parts of her body. Devereux Red Hook employees reported to plaintiff's mother, in those instances, that plaintiff was generally rough and active, and that she bumped into objects. Upon information and belief, those prior bruises and injuries were the result of abusive acts on the part of Devereux staff that went unreported.

29. Indeed, plaintiff reported, after leaving Devereux Red Hook, that for a period of years, up to and including days prior to her July 27, 2017 discharge, she had been forced to take cold baths on many occasions by Devereux Red Hook staff in an apparent effort to have her removed from the bath in a more prompt fashion. Plaintiff reported that if she did not get out of the bathtub immediately, staff would draw cold water, or put her under a cold shower.

30. Further, Devereux staff used plaintiff's gaitbelt, which was supposed to be used only to prevent her from falling, as a leash in order to keep her still and as a device to control

her movements and slow down her activity level, inhumanely restricting her freedom and independence.

31. Upon information and belief, prior to June 13, 2017, there were several instances of Devereux employees inflicting physical abuse on residents.

32. For example, on or about October 7, 2014, a 19-year-old male Devereux Red Hook employee was arrested after maliciously shoving a disabled youth into a wall.

33. During all times mentioned in this Complaint, Devereux and the individual defendants were acting under color of state law, by virtue of the utilization of Government funding for her care and education, the public function in treating and educating plaintiff, and pursuant to that statutory duty to care for plaintiff pursuant to Article 89, Chapter 853 of the laws of 1976 of the NYS Ed. Law.

34. The defendants knew or should have known that their actions violated clearly established law protecting the constitutional and statutory rights of the plaintiff.

35. Upon information and belief, defendants knew prior to June 13, 2017 that Stramel was not properly trained to work with disabled individuals, was a violent person, and posed a serious danger to residents including plaintiff.

36. As a result of all of the foregoing events, and the events that occurred on June 13, 2017 as discussed above in particular, plaintiff has suffered severe physical and emotional injury.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Excessive Force/Substantive Due Process of Law**
**- All Defendants -**

37. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

38. The Fourteenth Amendment to the U.S. Constitution precludes the use of excessive force against individuals with mental health disabilities in the custody of the state or who are wards of the state, or in the custody of state actors, and also precludes wanton or unnecessary infliction of pain upon those individuals.

39. The defendants' actions as alleged above occurring prior to and on June 13, 2017 including their deliberate indifference to plaintiff's well-being and safety and the physical abuse which included striking and kicking plaintiff, pulling her hair, and using threatening language, violated those constitutional protections, as did the actions described heretofore with respect to subjecting plaintiff to cold baths and showers, the inappropriate use of a gaitbelt, and subjecting her to other abusive physical contact.

40. By reason of the foregoing conduct, defendants deprived plaintiff of her rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, given that defendants acted under color of state law, in violation of 42 U.S.C. § 1983, and rights guaranteed by the Fourteenth Amendments of the United States Constitution.

41. The aforementioned conduct was egregious, outrageous, and shocks the conscience.

42. As a direct and proximate result of defendants' actions plaintiff has been irreparably injured physically and psychologically

43. Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her clearly established constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendment of the United States Constitution.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Deliberate Indifference To Serious Medical Needs /Substantive**
**Due Process of Law**
**– All Defendants –**

44. Plaintiff repeats and realleges the foregoing as if the same were fully set forth herein.

45. The Eighth and Fourteenth Amendment to the U.S. Constitution precludes Government officials from willfully denying medical treatment from mentally disabled individuals with serious medical and mental health needs, as such would constitute cruel and unusual punishment and/or a violation of the right to substantive due process of law.

46. As custodians of plaintiff, responsible for her safety and well being, defendants had an affirmative duty to care for, and protect, plaintiff under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

47. Defendants breached that duty by their actions and omissions in failing to appropriately address behaviors that were consistent with plaintiff's multiple diagnoses, which were a substantial departure from the exercise of reasonable professional judgment, practice, and standards, were grossly negligent, and amounted to deliberate indifference to plaintiff's health and welfare.

9

48. Defendants' actions and omission in addressing plaintiff's reluctance to get out of bed, as detailed above, violated plaintiff's rights under the U.S. Constitution, in that it was not objectively reasonable for defendants to ignore plaintiff's serious medical needs on June 13, 2017 when, in response to conduct that was consistent with her multiple diagnoses, she was subject to excessive force and threatening language, rather than receiving responses that were skilled, safe and therapeutic techniques.

49. Defendants' actions and omission in addressing plaintiff's conduct that was otherwise consistent with her multiple diagnoses violated plaintiff's rights under the U.S. Constitution, in that it was not objectively reasonable for defendants to ignore plaintiff's serious medical needs on multiple occasions prior to her July 27, 2017 discharge, when plaintiff was subject to cold showers and baths, misuse of her gaitbelt, and other physically abusive acts, rather than being the recipient of skilled, safe and therapeutic techniques.

50. The defendants' actions demonstrated a deliberate indifference to plaintiff's serious medical and mental health needs.

51. The defendants' actions were motivated by malice and/or were grossly negligent.

52. The defendants' actions also represented a violation of 42 USC §1983, given that there actions were undertaken under color of State law.

53. As a direct and proximate result of defendants' unconstitutional acts, described herein, plaintiff has been irreparably harmed, as she suffered substantial and unnecessary physical and emotional harm.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Failure to Train and Supervise
### - Devereux, John/Jane Doe #1 & 2 -

54. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

55. Upon information and belief, Devereux and John or Jane Doe #1 were responsible for supervising Devereux Red Hook employees, including Stramel and those Devereux Red Hook staff who forced plaintiff to take cold baths or showers, misused the gaitbelt that had been authorized only for balance purposes and subject her to other physically abusive conduct.

56. Upon information and belief, Devereux and John or Jane Doe #2 were responsible for developing and implementing policies, and trainings, for its Devereux Red Hook employees to insure the safety and care for the residents.

57. Devereux and John or Jane Doe #1 & #2, with deliberate indifference, failed to develop and implement an appropriate training regimen, and failed to supervise Stramel and others which led to the abuse inflicted on plaintiff on June 13, 2017, and the other inadequate and abusive treatment referenced herein.

58. Devereux and John or Jane Doe #1 & #2, with deliberate indifference, failed to develop and implement policies and procedures about appropriate treatment and use of force for individuals like plaintiff.

59. Devereux's policies, procedures, customs, and practices, and failures in supervision. violated the rights of plaintiff under the Fourth, Eighth and Fourteenth Amendments to the U.S Constitution, and directly led to the abuse acts of June 13, 2017, and other abusive acts and treatment referenced above.

60. As a direct and proximate result of the aforesaid unconstitutional acts, plaintiff has been irreparably harmed.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### Section 504 of the Rehabilitation Act, 29 U.S.C 794
### - Devereux -

61. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

62. Upon information and belief, and at all times material to this action, Devereux was the recipient of funds granted to the State of New York pursuant to the Medicaid Act, and is subject to § 504 of the Rehabilitation Act.

63. Plaintiff is a qualified individual and is disabled within the meaning of the § 504 Rehabilitation Act.

64. Devereux, by failing to provide plaintiff with proper care, by allowing her to be physically abused, and failing to provide adequate treatment to plaintiff, denied her the opportunity to fully participate in, and benefit from, the services provided, and discriminated against plaintiff by reason of her disability, in violation of §504 of the Rehabilitation Act, and plaintiff sustained the damages hereinbefore alleged.

## AND AS FOR A FIFTH CLAIM FOR RELIEF
### Assault and Battery: State Law Claim
### - All Defendants -

65. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

66. In physically abusing plaintiff on June 13, 2017, Stramel, acting within the scope of her employment, committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

67. The assault and battery by Stramel was unnecessary and unwarranted in the performance of her duties and constituted an unreasonable and excessive use of force.

68. As a direct and proximate result of the assault and battery, plaintiff was irreparably harmed.

### AND AS FOR A SIXTH CLAIM FOR RELIEF
#### Negligence: State Law Claim
#### – Stramel and Devereux –

69. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

70. Stramel had the duty to provide reasonable and appropriate services to plaintiff, and was acting within the scope of her employment, on June 13, 2017, when she was attempting to, and did, remove plaintiff from her bed.

71. In performing her duties on that date, Stramel was negligent in the manner in which she physically handled plaintiff.

72. As a result of Stramel's negligence plaintiff suffered physical and emotional injuries and was irreparably harmed.

73. Plaintiff's injuries were proximately caused by Stramel's negligence without any contributory negligence on the part of plaintiff contributing thereto.

13

**AND AS FOR A SEVENTH CLAIM FOR RELIEF**
**Negligent Hiring, Training, Supervision, Discipline,**
**Staffing, and Retention: State Law Claim**
**- Devereux -**

74. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at
    length herein.

75. Devereux owed plaintiff a duty of care to hire, train, supervise, discipline, staff,
    and retain employees that could provide safe, secure, adequate, and proper care to
    plaintiff.

76. It was reasonably foreseeable that defendant Stramel, and those staff that subjected
    Plaintiff to cold baths and showers, misused her gaitbelt, and subject her to other
    Abusive physical conduct, lacked the requisite temperament and basic skills necessary
    To perform the services required by plaintiff.

77. Devereux, and their employees, owed a duty of care to plaintiff to prevent the abuse
    That occurred.

78. Devereux knew or should have known through reasonable diligence that Stramel,
    And the others referenced above, were Potentially dangerous to developmentally
    Disabled residents such as plaintiff.

79. Upon information and belief, Devereux's negligence in screening, hiring, training,
    disciplining, and retaining their employees, officers, and agents proximately caused
    all of the injuries sustained by plaintiff.

14

## AND AS FOR AN EIGHTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
#### - Devereux and Stramel -

80. Plaintiff repeats and realleges the foregoing as if the same were fully set forth
at length herein.

81. As set forth above defendants' actions were extreme and outrageous.

82. Defendant's actions were undertaken with the intent to cause plaintiffs severe
emotional distress and/or were done in disregard of a substantial probability of
causing severe emotional distress.

83. As a result of Defendant's actions, plaintiff suffered extreme and severe emotional
distress.

84. As a result of the malicious and intentional infliction of emotional distress by
defendant, Plaintiff suffered damages in an amount to be determined at trial.

## JURY DEMAND

85.  Pursuant to Fed. R. Civ. P. 38 plaintiff hereby demands trial by jury.

15

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(A) An order awarding compensatory damages in an amount to be determined at trial, including without limitation, damages for plaintiff's physical and emotional injuries, and conscious pain and suffering;

(B) An order awarding punitive damages in an amount to be determined at trial;

(C) An Order awarding reasonable attorneys' fees and costs; and

(D) An Order directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: June 11, 2018
      Delmar, New York

Lee Greenstein

Digitally signed by Lee Greenstein
DN: cn=Lee Greenstein, o, ou,
email=leegreenstein@yahoo.com,
c=US
Date: 2018.06.12 13:42:41 -05'00'

LEE GREENSTEIN, ESQ.
Bar Roll #101859
125 Adams Street
Delmar, New York 12054
(518) 475-9844

__s/_____
BENJAMIN HILL, ESQ.
Bar Roll # 514953
75 Columbia Street
Albany, NY 12207
(518) 348-4133

16